UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ORA PRICE, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                              **NO. 12-992**

**HOUSING AUTHORITY OF NEW ORLEANS, ET AL.**     **SECTION B(2)**

## ORDER AND REASONS

Defendants James Ryan III and James Ryan III & Associates, LLC ("Defendants") filed a Motion to Dismiss (Rec. Doc. No. 12) pursuant to Rules 12(b)(1) and 12(b)(6). In response, Plaintiffs Ora, Leonard, and Darryl Price ("Plaintiffs") submitted a Memorandum in Opposition (Rec. Doc. No. 30). For the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**, dismissing the claims against movants without prejudice.

## PROCEDURAL HISTORY

On April 19, 2012, Plaintiffs filed their complaint in this Court against Defendants, an attorney and his law firm, and several others, including the Housing Authority of New Orleans ("HANO") and Interstate Realty Management Company ("Interstate Realty"). (Rec. Doc. No. 1 at 1). The complaint generally alleged several state and federal violations, the latter including deprivation of 14th Amendment rights, violation of the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437 *et seq*. ("United States Housing Act"), and deprivation of civil rights under 42 U.S.C. §§ 1983 and 1985. *Id*. at 2.

Plaintiffs' claims appear to arise out of events surrounding

their residential eviction from 3110 Edith Weston Place in New Orleans, Louisiana. *Id.* at 6. Plaintiffs contend that they were wrongly evicted by Interstate Realty for a shooting on the premises that involved Plaintiff Ora Prices' grandson, and resulted in "police action on the property." *Id.* at 7-9. Plaintiffs also insist that the subsequent termination by HANO of their Section 8 voucher was wrongful. *Id.* at 9. Defendants were retained as legal counsel for Interstate Realty. *Id.* at 10. Plaintiffs alleged that Defendants "knowingly and intentionally fabricated and filed a Rule to Evict plaintiffs in the First City Court for the Parish of New Orleans," and further, that the police report of the incident contradicted the "false allegations" made by Defendants. *Id.*

Plaintiffs asserted in their complaint that they "possessed a property interest in their housing unit pursuant to 42 U.S.C.A. § 1937 ... with a private right to enforce and protect their rights...." *Id.* at 11. Plaintiffs also asserted that their occupancy of said unit was a "statutory entitlement" under the United States Housing Act. *Id.* at 6. Plaintiffs specifically alleged in their complaint that "Defendant, James Ryan & Associates, L.L.C., in collaboration with [Interstate Realty — a private entity] orchestrated a scheme to conspire to deprive the plaintiffs of their property and liberty rights ...." *Id.* at 6.

### **CONTENTIONS OF DEFENDANTS**

2

Defendants claim that the Court lacks federal question subject matter jurisdiction over Plaintiffs' claims, and further that Plaintiffs fail to state a claim upon which relief can be granted. (Rec. Doc. No. 12 at 1). Defendants contend that despite citing federal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, Plaintiffs "do not allege a single fact" supporting the violation of any federal law, "or a deprivation of their civil rights under color of law." (Rec. Doc. No. 12-1 at 2). Beyond the lack of subject matter jurisdiction, Defendants insist that the complaint fails to state a claim or cause of action against them. *Id.* at 3. Defendants request that the claims against them "be dismissed at plaintiffs' sole cost." *Id.* at 4.

## CONTENTIONS OF PLAINTIFFS

Plaintiffs insist that federal question subject matter jurisdiction exists for their claims pursuant to 28 U.S.C. § 1343(a),[1] 42 U.S.C. § 1437(a), and 42 U.S.C. § 1983, and that their complaint meets the requirements necessary to state a claim. (Rec. Doc. No. 30 at 4-7). Plaintiffs also allege that the Rule of Eviction that was filed by Defendants was inaccurate. *Id.* at 5-6.

## LAW AND ANALYSIS

---

[1] 28 U.S.C. § 1343(a) in pertinent part, provides for recovery: (1)"for any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42," and (2) "from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent." 28 U.S.C. § 1343(a)(1)-(a)(2).

### A. Standard of Review

A court presented with a 12(b)(1) motion for lack of subject matter jurisdiction should consider that motion first before addressing any motion regarding the merits of the case, so as to avoid prematurely dismissing a case with prejudice. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)(*per curiam*). A court's dismissal based on Rule 12(b)(1) is not a determination on the merits and does not prevent the plaintiff from pursuing the claim in a court with proper jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citing *Hitt*, 561 F.2d at 608).

### B. Lack of Subject Matter Jurisdiction

A lack of subject matter jurisdiction may be found in: (1) the complaint, (2) the complaint supplemented by undisputed facts contained in the record, or (3) "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Id.* (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)).

The parties do not allege and the facts do not show that there is diversity jurisdiction under 28 U.S.C. § 1332. Absent diversity, federal question jurisdiction is required. "'[F]ederal question' jurisdiction has long been governed by the well-

pleaded-complaint rule, which requires that a federal question be facially apparent from a 'properly pleaded complaint.'" *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)(quoting FED. R. CIV. PRO. 8(a)(2)). In addition, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

Plaintiffs filed their complaint *pro se*. The Supreme Court has stated that "[a] document filed *pro se* 'is to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite Plaintiffs' citations of various federal statutory and state law violations, Plaintiffs do not cite any facts which would provide them with a federal cause of action against Defendants. (Rec. Doc. No. 1, ¶11 at 6).

Although Plaintiffs claim that Defendants "abused the process," there is nothing in the record to show that Defendants, as retained counsel for a private entity, acted under color of

5

law with public actors. 42 U.S.C. 1983. Furthermore, Plaintiffs have cited no federal law that would allow them, third parties, a cause of action against Defendants, as the retained counsel for Interstate Realty in filing the Rule to Evict. *See, e.g.*, *Guthrie v. Buckley*, 246 F. Supp. 2d 589, 590-51 (E.D. Tex. 2003); *see also Lewis v. Am. Exploration Co.*, 4 F. Supp. 2d 673, 680 (S.D. Tex. 1998) (both cases generally standing for the proposition that attorneys cannot be sued for engaging in the duties of representing their clients).

Even liberally construed, it is difficult to ascertain any possible federal claim against Defendants that would not facially flow from state law, given Plaintiffs' claims of "conspiracy," "false allegations," "slander," and "fabrication of evidence." (*Id.* ¶¶11, 41 at 6, 10); (Rec. Doc. No. 30 at 4). Without any supporting facts to accompany their conclusory allegations, Plaintiffs have failed to meet their burden in showing that federal subject matter jurisdiction exists for this Court.[2] Plaintiffs, however, should seek relief in the proper state court for the state claims asserted here. Supplemental jurisdiction over same here is not warranted and no prejudice flows from that declination.

---

[2] To the extent that any of these claims have already been raised and litigated in state court, they may be considered barred. *Allen v. McCurry*, 449 U.S. 90, 94(1980). At this time, however, the record indicates that Plaintiffs have not brought their claims in state court, but instead the only state court proceeding that has occurred is that in which the Rule of Eviction was granted. (Rec. Doc. No. 12-1 at 3).

**B. Defendants' 12(b)(6) Motion to Dismiss**

Because this Court lacks jurisdiction over the instant case, Defendants' 12(b)(6) Motion to Dismiss for failure to state a claim will not be considered at this time.[3]

**CONCLUSION**

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**, dismissing the claims against movants without prejudice.

New Orleans, Louisiana, this 11th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Alternatively, assuming there was jurisdiction, and in the interest of comity, this Court would give full faith and credit to lawful decisions made by state courts. *Enochs v. Lampasas County*, 641 F.3d 155, 160 (5th Cir. 2011).